**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN**

| | | | |
|---|---|---|---|
| CHRIS ARMES, individually and on behalf of all others similarly situated, | ) ) ) | | |
| Plaintiff, | ) ) | No. | 08-CV-00244-CNC |
| v. | ) ) | Judge Charles N. Clevert, Jr. | |
| SOGRO, INC. d/b/a Budget Host Diplomat Motel, | ) ) | | |
| Defendant. | ) | | |

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION**

I.      INTRODUCTION AND RELEVANT BACKGROUND

Defendant Sogro, Inc. d/b/a Budget Host Diplomat Motel violated the identity theft

protection provisions of the Fair Credit Reporting Act, as amended by the Fair and Accurate

Credit Transactions Act of 2003 ("FACTA"),[1] by issuing receipts containing consumers' entire

personal credit card number and expiration date.  In essence, Defendant issued what is

tantamount to a paper credit card, capable of being used by any identity thief possessing it.

Defendant's standard practices of issuing credit card receipts is uniform, and thus, Plaintiff seeks

to represent a class of consumers, each of whom were given materially identical, non-compliant

receipts.  Because no individual issues exist that would preclude classwide disposition of this

case and because Plaintiff otherwise meets the requirements for class certification, Plaintiff seeks

to certify the following class:

---

[1]      15 U.S.C. § 1681c(g).  The Fair and Accurate Credit Transactions Act was an amendment to the Fair Credit Reporting Act ("FCRA").  FACTA added new sections to the FCRA, which are intended primarily to help consumers fight the growing crime of identity theft.  FACTA includes issues as to accuracy, privacy, limitations on information sharing, and consumer rights to disclosure.

1

> All persons to whom Sogro, Inc. d/b/a Budget Host Diplomat Motel provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displayed more than the last five digits of the person's credit or debit card number.

In order to combat the rampant increase of identity theft in recent years,[2] the statutory provision at issue in Plaintiff's class action complaint requires companies that accept credit and debit cards to restrict the information they print on sales receipts. Thus, by following the required truncation practice, an identity thief's ability to obtain valuable consumer account information is restricted. Defendant's failure to comply with the statute has uniformly burdened its customers with an elevated risk of identity theft, and as such, Plaintiff's claim is well-suited for class treatment.[3]

Defendant provided a receipt to each and every class member. And each receipt displayed that class member's personal and confidential full card number, thus making all their FACTA claims identical. In fact, each Judge in this Circuit to rule on class certification in a FACTA case has granted certification, and the alleged conduct and legal theory at issue here are no different from these cases. *See Armes v. Shanta Enterprise, Inc.*, 07-C5766, 2009 U.S. Dist. LEXIS 58385 (N.D. Ill. July 8, 2009); *Beringer v. Standard Parking Corp.*, 07-C5119, 2008 U.S. Dist. LEXIS 72873 (N.D. Ill. Sept. 24, 2008); *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp.

---

[2] One report released by the Federal Trade Commission in September 2003 estimated that approximately 10 million people were victims of identity theft in 2002 alone. *See* www.privacyrights.org/ar/idtheftsurveys.htm.

[3] Incidentally, while the consumer is burdened with an elevated risk of identity theft, many members of the class are ignorant of the elevated risk if they did not themselves notice that the receipts had their personal credit card information. Thus, certification of this class will have the added benefit of raising awareness of the elevated risk to the members of the class so they can take action to prevent future potential for theft.

2d 831 (N.D. Ill. 2008); *Harris v. Best Buy Co., Inc., et al.*, No. 07-C2559, 2008 U.S. Dist. LEXIS 22166 (N.D. Ill. Mar. 20, 2008); *Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290 (N.D. Ill. 2008); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D. Ill. 2008); *Meehan v. Buffalo Wild Wings, Inc., et al.*, 249 F.R.D. 284 (N.D. Ill. 2008); *Harris v. Circuit City Stores, Inc.*, No. 07-C12596, 2008 U.S. Dist. LEXIS 12596 (N.D. Ill. Feb. 7, 2008); *Troy v. Red Lantern Inn, Inc.*, No. 07-C2418, 2007 U.S. Dist. LEXIS 89004 (N.D. Ill. Dec. 4, 2007); *Halperin v. Interpark Inc.*, No. 07-C2161, 2007 U.S. Dist. LEXIS 87851 (N.D. Ill. Nov. 29, 2007).

Just as in the above-mentioned cases, which all certified class actions under FACTA for disclosing personal identifying card information on receipts, this Court should certify the proposed class here. In addition to the persuasive amount of authority certifying similar classes, this case is also ideal for class certification because it involves a large number of small claims. "FACTA claims are especially well-suited to resolution in a class action where, as here, 'potential recovery is too slight to support individual suits, but injury is substantial in the aggregate.'" *Cicilline*, 542 F. Supp. 2d at 839. Recognizing that small consumer claims generally go unprosecuted because of ignorance of the claim and the reluctance to file an expensive lawsuit, courts strongly support class relief in this context to ensure compensation for victims. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980) (discussing desirability of class relief for small consumer claims).

II.     STANDARD FOR CLASS CERTIFICATION

"Class certification is appropriate where the proposed class representatives can satisfy all four prerequisites of Rule 23(a) and one of the requirements of Rule 23(b)." *Redmon*, 249 F.R.D. at 293 (*citing Payton v. County of Kane*, 308 F.3d 673, 680 (7th Cir. 2002)). Not only is

3

Rule 23 to be liberally construed and read to favor the maintenance of class actions,[4] but "[t]here

is broad judicial discretion in determining whether to allow the certification of a class action."

*Ruiz v. Stewart Assocs.*, 171 F.R.D. 238, 241 (N.D. Ill. 1997) (*citing First Interstate Bank of

Nevada v. Chapman & Cutler*, 837 F.2d 775, 781 (7th Cir. 1988)).  Further, when evaluating a

motion for class certification, a court should not delve into the merits of the ultimate issues of the

case.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974); *Matthews*, 248 F.R.D. at 214.

As demonstrated herein, all requirements necessary to certify a class action in this case have

been satisfied.

III.    LEGAL DISCUSSION

        A.    **PLAINTIFF MEETS THE RULE 23(a) REQUIREMENTS.**

                1.    **Numerosity.**

"Rule 23(a)(1) requires that a proposed class be so numerous that joinder is impractical."

*Matthews*, 248 F.R.D. at 214.  Impracticability exists when individual adjudication would take an

extended period of time and joinder of all the parties would be expensive, time consuming and "a

strain on already overtaxed judicial resources."  *Scholes v. Stone, McGuire & Benjamin*, 143

F.R.D. 181, 184 (N.D. Ill. 1992).  "[T]he court is entitled to make common sense assumptions in

order to support a finding of numerosity."  *Wood v. Capital One Auto Fin., Inc.*, No. 06-C07,

2006 U.S. Dist. LEXIS 67513, *3 (E.D. Wis. Sept. 19, 2006).  In fact, "[t]he exact number of

class members need not be known . . . [i]nstead, the plaintiff can offer good faith estimates of

class size . . . and the court may use 'common sense assumptions' to determine the validity of

---

[4]    *Cannon v. Nationwide Acceptance Corp.*, No. 96-C1136, 1997 U.S. Dist. LEXIS 3517, *4 (N.D.
Ill. March 24, 1997).

those estimates." *Id.* (internal citations and quotations omitted); *see Redmon*, 249 F.R.D. at 294

(*citing Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969) and

*Ringswald v. County of DuPage*, 196 F.R.D. 509, 511-512 (N.D. Ill. 2000)).[5] Moreover, a

"plaintiff will generally meet the [numerosity] requirement by showing that the class consists of

forty or more." *Barden v. Hurd Millwork Co.*, 249 F.R.D. 316, 319 (E.D. Wis. 2008) (J.

Adelman).

In this case, Defendant admits that it provided approximately 2,500 receipts that were not

compliant with FACTA during the proposed class period.[6] Joining even a fraction of

approximately 2,500 class members would be impracticable. Therefore, Plaintiff has satisfied

the numerosity requirement.

### 2. Commonality.

"Rule 23(a)(2) next requires that there be 'questions of law or fact common to the class.'"

*Matthews*, 248 F.R.D. at 215 (*quoting* FED. R. CIV. P. 23(a)(2)). "The commonality requirement

is ordinarily satisfied where there is a 'common nucleus of operative fact.'" *Barden*, 249 F.R.D.

at 319 (*citing Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *see Matthews*, 248

F.R.D. at 215 (*quoting Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998)). "The presence of

---

[5] *See also Khalil Abdur Rahim v. Sheahan*, No. 99-C0395, 2001 U.S. Dist. LEXIS 17214, *37-38 (N.D. Ill. Oct. 18, 2001); *see, e.g., Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (29 sufficient); *Barney v. Harvey*, No. 95-C3316, 1997 U.S. Dist. LEXIS 3570, *8-9 (N.D. Ill., March 25, 1997) (class of 13 certified where other factors made joinder impracticable); *Gaspar v. Linvatee Corp.*, 167 F.R.D. 51, 56-57 (N.D. Ill. 1996) (class of 18 certified).

[6] Specifically, Defendant admits that it did not comply with FACTA's truncation requirements until March 24, 2008, and it provided approximately 2,500 receipts from December 4, 2006 to March 17, 2008. *See* Exhibit A, Def.'s Resp. to Pl.'s Interrogs., ¶¶16, 18. Defendant also admits to providing more than 1,000 receipts that displayed cardholders' full card numbers. *See* Exhibit B, Def. Resp. to Pl.' 1st Set of Requests for Admissions, ¶7.

some factual variations among class members' experiences will not defeat class certification." *Wood*, 2006 U.S. Dist. LEXIS 67513, at *4 (*citing Rosario*, 963 F.2d at 1017). "Plaintiff[] need only show there is 'at least one question of law or fact common to the class' to satisfy the commonality requirement.'" *Id.* (*citing In re VMS Sec. Litig.*, 136 F.R.D. 466, 473 (N.D. Ill. 1991)). In other words, commonality is met when there is an essential common factual link between all class members and the defendant for which the law provides a remedy. Moreover, "[c]ommon nuclei of fact are typically manifest where the defendant has engaged in standardized conduct towards members of the proposed class . . . ." *Forrest v. Shenandoah Valley Nat'l Bank*, No. 06-C11, 2007 U.S. Dist. LEXIS 22821, *6 (E.D. Wis. Mar. 28, 2007); *see Cicilline,* 542 F. Supp. 2d at 836 (*citing Heastie v. Community Bank of Greater Peoria,* 125 F.R.D. 669, 675 (N.D. Ill. 1989)). "This is true even though the nature and amount of damages may differ among the members of the class." *Cicilline,* 542 F. Supp. 2d at 836.

Here, the common nucleus of operative fact is whether Defendant issued receipts that displayed more than the last five digits of a person's card and whether such conduct constituted a willful violation of Section 1681c(g)(1). Courts in this Circuit have repeatedly found such a common nucleus to be grounds for certifying FACTA classes. *Id.* at 836 (finding that the core conduct applicable to all class members is the defendant's standardized conduct in failing to redact expiration dates from receipts); *see also*, *Redmon*, 249 F.R.D. at 294; *Matthews*, 248 F.R.D. at 215; *Meehan*, 249 F.R.D. at 286; *Harris v. Best Buy Co., Inc., et al.*, 2008 U.S. Dist. LEXIS 12596, at *16-20; *Harris v. Circuit City Stores*, 2008 U.S. Dist. LEXIS 12596, at *16-20; *Troy*, 2007 U.S. Dist. LEXIS 89004, at *5-6; *Halperin*, 2007 U.S. Dist. LEXIS 87851, at *4; *Beringer*, 2008 U.S. Dist. LEXIS 72873, at *5-6; *Armes*, 2009 U.S. Dist. LEXIS 58385, at *6.

### 3.    Typicality.

"The third Rule 23(a) requirement is that 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'"  *Redmon*, 249 F.R.D. at 294. "Generally, a class representative's claims are considered 'typical' when they arise from the same course of conduct or are based on the same theory as the claims of class members." *Barden*, 249 F.R.D. at 319 (*citing De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (*quoting H. Newberg*, CLASS ACTIONS § 1115(b) at 185 (1977))).  Because commonality and typicality are closely related, a finding of one often results in a finding of the other.  *Rosario*, 963 F.2d at 1018 ("The question of typicality in Rule 23(a)(3) is closely related to the preceding question of commonality."); *Sanders v. OSI Education Servs., Inc.*, No. 01-C2081, 2001 U.S. Dist. LEXIS 12578, *5 (N.D. Ill. Aug. 2, 2001).  Here, because typicality is inherent in the class claims asserted, certification is appropriate.

Plaintiff's claims are typical of the absent class members' claims because all arose from the same alleged conduct, *i.e.*, they all received receipts that displayed more than the last five digits of their card numbers and all claims are premised on the same legal theory, *i.e.*, that Defendant willfully violated FACTA.  Again, each case to confront this issue has found typicality, because the defendants' standard conduct is the focal point of the claim and is universal to each class member, and therefore, this Court should do the same.  *See, e.g.*, *Cicilline*, 2008 U.S. Dist. LEXIS 29505, at *9-10 (finding typicality because each class member's claim arose from the same course of conduct, *i.e.*, the defendant's printing of noncompliant receipts); *see also*, *Redmon*, 249 F.R.D. at 294-95; *Matthews*, 248 F.R.D. at 215; *Meehan*, 248 F.R.D. at 287; *Harris v. Best Buy Co., Inc., et al.*, 2008 U.S. Dist. LEXIS 22166, at *14-15; *Harris v.*

7

*Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, at \*20-21; *Troy*, 2007 U.S. Dist. LEXIS 89004, at \*6; *Halperin*, 2007 U.S. Dist. LEXIS 87851, at \*4-5; *Beringer*, 2008 U.S. Dist. LEXIS 72873, \*6; *Armes*, 2009 U.S. Dist. LEXIS 58385, at \*6.

### 4.    Adequacy.

Rule 23(a)(4) requires a plaintiff to show that " 'the representative parties will fairly and adequately protect the interest of the class.'" *Seeger v. Aid Assocs.*, No. 05-C944, 2007 U.S. Dist. LEXIS 22824, \* 16 (E.D. Wis. Mar. 29, 2007) (*quoting* FED. R. CIV. P. 23(a)(4)) (J. Goodstein); *Redmon*, 249 F.R.D. at 215.  To satisfy Rule 23(a)(4), a plaintiff must demonstrate: "'(1) the representative does not have conflicting or antagonistic interests compared with the class as a whole; (2) the representative is sufficiently interested in the case outcome to ensure vigorous advocacy; and (3) class counsel is experienced, competent, qualified and able to conduct the litigation vigorously.'" *Matthews*, 248 F.R.D. at 215 (*quoting Cavin v. Home Loan Center, Inc.*, 236 F.R.D. 387, 395 (N.D. Ill. 2006)).  *See Walker*, 244 F.R.D. at 508.

As to the first factor, there is no conflict or antagonism whatsoever between Plaintiff and the class members given the identical nature of their claims.  *Gammon v. GC Servs.*, 162 F.R.D. 313, 317 (N.D. Ill. 1995) (*quoting Riordan*, 113 F.R.D. at 64)).  As to the second factor, Plaintiff has a clear interest in the successful outcome of the lawsuit as he seeks to recover damages on behalf of himself and the class members.  Further, he has already demonstrated his interest in this case by bringing it in the first place.  Additionally, Plaintiff has participated in written discovery and will continue to do so, as well as participate in depositions and trial.  Regarding the third factor, Plaintiff has hired counsel who are active practitioners in consumer class cases with

8

experience, diligence, and commitment to this litigation that will adequately protect the interests of the class.[7]

## B.     PLAINTIFF MEETS THE RULE 23(b)(3) REQUIREMENTS.

A plaintiff seeking certification must also satisfy one of the subparts of Rule 23(b). *Matthews*, 248 F.R.D. at 215.  In this case, because Plaintiff seeks certification pursuant to Rule 23(b)(3), he must show: "(1) 'that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members;' and (2) 'that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.'"  *Matthews*, 248 F.R.D. at 215-216 (*quoting* FED. R. CIV. P. 23(b)(3)).

### 1.     Predominance.

"To satisfy the predominance requirement, 'the plaintiff must show that common issues not only exist, but outweigh the individual questions.'"  *Redmon*, 249 F.R.D. at 295 (*quoting Troy*, 2007 U.S. Dist. LEXIS 89004, at *9)).  Though "common questions must be central to all claims," *Troy*, 2007 U.S. Dist. LEXIS 89004, at *9 (*quoting Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529-30 (N.D. Ill. 1998)), "they need not be exclusive." *Bonner v. Team Toyota LLC*, No. 2:06-cv-57-PPS, 2006 U.S. Dist. LEXIS 88827, *12 (N.D. Ind. Nov. 21, 2006). When "factual allegations are common to all potential plaintiffs and the causes of action

---

[7]     Plaintiff's counsel have been appointed class counsel in another FACTA case, namely *Armes v. Shanta Enterprise, Inc.*, No. 07-C5766 (N.D. Ill.) and have been appointed settlement class counsel in two other FACTA cases, namely *Redman v. Metropolitan Pier and Exposition Authority*, No. 08-C1957 (N.D. Ill.) and *Armes v. Knights Inn Racine*, No. 08-CV-243 (E.D. Wisc.).  Additionally, a cursory review of reported cases in trial courts in the Seventh Circuit shows that The Consumer Advocacy Center, P.C. has been deemed adequate class counsel many times.  At no time has The Consumer Advocacy Center, P.C. been found to be inadequate class counsel.  Plaintiff's counsel also meet the requirements of Rule 23(g).  Counsel has done significant research of the FCRA prior to filing the Plaintiff's complaint.

resulting from these facts are all the same," the predominance requirement is met.  *Redmon*, 249 F.R.D. at 296.

Here, the factual allegations are identical for every class member, namely that each class member received an electronically-printed receipt from Defendant that displayed more than the last five digits of his or her card number.  Additionally, the cause of action is exactly the same for every class member, namely that Defendant's standardized conduct violates FACTA.  There exist no individual differences, thus mandating a finding that common issues predominate. Accordingly, Plaintiff meets the predominance requirement.

### 2.    Superiority.

Here, the class action mechanism is the superior and most efficient means of determining the legality of Defendant's standard conduct.  *See Beasley v. Blatt*, No. 93-C4978, 1994 U.S. Dist. LEXIS 9383, *13 (N.D. Ill. July 8, 1994).  "Rule 23(b)(3) is designed for situations where 'potential recovery is too slight to support individual suits, but injury is substantial in the aggregate.'"  *Redmon*, 249 F.R.D at 296 (*quoting Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006)); *see Barden*, 249 F.R.D. at 321 (Finding predominance where "[t]he recovery in individual cases would be less than the litigation expenses, therefore, unless the claims are aggregated into a class action, they would not be pursued.")  "This is particularly important where, as here, a large number of . . . claimants may be involved.  In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied." *In re Folding Carton Litigation*, 75 F.R.D. 727, 732 (N.D. Ill. 1977).

"FACTA claims are especially well-suited to resolution in a class action," *Matthews*, 248 F.R.D. at 216 (*quoting GMAC*, 434 F.3d at 953)), because "such actions often involve common

factual and legal questions.'" *Troy*, 2007 U.S. Dist. LEXIS 89004, at *11 (*quoting Murray v. New Cingular Wireless Servs., Inc.*, 232 F.R.D. 295, 303 (N.D. Ill. 2005) and *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 394-95 (N.D. Ill. 2006)).  The Seventh Circuit found FCRA suits particularly well-suited for class treatment because the damages available individually – $100.00 to $1000.00 – are too slight an incentive for individual claims but may vindicate substantial damage in the aggregate.  *GMAC*, 434 F.3d at 953.

Moreover, numerous judges in this Circuit have already found that a class action is the superior method for FACTA cases and in so doing, rejected all arguments against a finding of superiority.  *See Cicilline*, 542 F. Supp. 2d at 839-41; *Harris v. Best Buy Co., Inc., et al.*, 2008 U.S. Dist. LEXIS 22166, at *21-24; *Redmon*, 249 F.R.D. at 297; *Matthews*, 248 F.R.D. at 214 (certifying class of at least 20,000 members); *Meehan*, 249 F.R.D. at 288; *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, at *25-32; *Troy v. Red Lantern Inn, Inc.*, 2007 U.S. Dist. LEXIS 89004, at *10-11; *Halperin*, 2007 U.S. Dist. LEXIS 87851, at *9-11, *Beringer*, 2008 U.S. Dist. LEXIS 72873, *13-17; *Armes*, 2009 U.S. Dist. LEXIS 58385, at *19-25.

Because Defendant's conduct is the focal point of this lawsuit, the central questions can be answered more efficiently through this single litigation.  Additionally, because individual recovery is slight, individual class members, if they even know of their legal rights, are unlikely to pursue individual claims against Defendant.  Therefore, this Court should find that a class action is the superior method for adjudicating class members' claims.

IV.     CONCLUSION

For the foregoing reasons, Plaintiff Chris Armes requests that this Court certify the following class:

11

All persons to whom Sogro, Inc. d/b/a Budget Host Diplomat Motel provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displayed more than the last five digits of the person's credit or debit card number.

Respectfully submitted,


By: /s/ Paul F. Markoff
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
Tel: 312.782.5808
Fax: 312.377.9930

Paul F. Markoff
Markoff Law Firm, LLC
180 W. Washington St., Ste. 700
Chicago, IL 60602
Tel: 312.726.4162
Fax: 312.277.2507

12

## CERTIFICATE OF SERVICE

I certify that I served a copy of this *Plaintiff's Memorandum of Law in Support of his Motion for Class Certification* on the following electronically by using the CM/ECF system on this 20th day of July, 2009:


Mr. James K Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess LLP
233 S. Wacker, Ste 2200
Chicago, IL 60606


/s/ Paul F. Markoff