DOY/cmc/#333382　　　　　　　　　　　　　　　　　　　　　　　　　　　726-42-51

# UNITED STATED DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRIS ARMES, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>SOGRO, INC. d/b/a BUDGET HOST DIPLOMAT MOTEL,<br><br>　　　　　　　Defendant. | Case No. 08-CV-244 |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, Sogro, Inc. ("Sogro"), by and through its attorneys, Tressler, Soderstrom, Maloney & Priess, LLP, hereby submits its Answers to Plaintiff's First Set of Interrogatories.

## GENERAL OBJECTIONS

Defendant hereby incorporates by reference, as if fully set forth therein, each of the following General Objections in its response to each separate paragraph in the Interrogatories:

1. Defendant objects to producing any information in response to the Interrogatories that is protected by the attorney-client privilege, the work-product doctrine or any other applicable protection, restriction or immunity from discovery.

2. Defendant objects to the Interrogatories to the extent that they attempt to impose obligations upon Defendant that are inconsistent with and/or in addition to those imposed by the Federal Rules of Civil Procedure, the local rules, applicable case law, statutes governing the proper scope and extent of discovery, any orders issued by the Court, and any rulings made by the Court.

4. Defendant objects to the Interrogatories to the extent that the information sought is a matter of public record, which is equally accessible and available to Plaintiff, on the grounds

that providing such information would impose an unreasonable burden and expense upon Defendant.

5. Defendant objects to the Interrogatories to the extent they seek information not in the possession, custody or control of Defendant.

Defendant's investigation of the facts concerning this action is continuing. The Answers to the Interrogatories, therefore, are subject to all stated objections and are based only upon such information as is presently available to, or known to, Defendant. Defendant reserves the right to modify or supplement, to the extent required by the Federal Rules of Civil Procedure or the Local Rules, any and all responses herein as additional facts are ascertained, as additional documents are obtained, and as additional analysis and contentions are formulated.

## INTERROGATORIES

1. Identify the person(s) who provided information in responding to these interrogatories and the separate requests for admission of fact, and identify the particular interrogatory(ies) and/or request(s) for admission of fact for which each person provided information.

**ANSWER:** Defendant objects to producing any information in response to the Interrogatories that is protected by the attorney-client privilege, the work-product doctrine or any other applicable protection, restriction or immunity from discovery. Without waiving said objection Defendant identifies:

> Joseph Solus
> 1060 South Wells Street
> Lake Geneva, WI 53147-2424

2. Identify each person with knowledge relating to the claims in Plaintiff's Complaint in this case and/or defenses thereto and for each person, identify the subject(s) on which each person has knowledge.

**ANSWER:** Joseph Solus has information regarding Sogro's knowledge on all subjects raised in the Complaint and the Answer. Donna Solus has information relating to Sogro's operation of the subject hotel and issues relating to credit card transactions. Chris Armes has information on all allegations made in his Complaint. Payment Tech is knowledgeable on issues relating to the POS terminal used by Sogro.

3. State the factual basis, in detail, for the Defendant's denial of liability to Plaintiff in this case.

**ANSWER:** Sogro was unaware of the truncation requirements until it received notice of this lawsuit. Sogro did not willingly or recklessly violate the Fair and Accurate Credit Transactions Act. The Fair and Accurate Credit Transactions Act is also unconstitutional. Plaintiff did not suffer any actual damages.

4. State the factual basis, in detail, for Defendant's affirmative defenses in this case.

**ANSWER:** Plaintiff was aware that Sogro printed credit card receipts with the entire credit card numbers. Instead of informing Sogro of this fact, Plaintiff failed to do so and waited a year before filing suit.

5. State the factual basis in detail, for Defendant's denial that Plaintiff's proposed Class, as defined in paragraph 15 of the Complaint, should be certified.

**ANSWER:** Plaintiff did not suffer any actual damages. Plaintiff failed to notify Sogro of the alleged violation until a year later. Plaintiff's claims are not typical or common among the proposed class members. The Fair and Accurate Credit Transactions Act is also unconstitutional.

6. Since December 4, 2003, identify the make and model number of each POS Terminal from which you have issued Sales Receipts and for each, identify the date you began using it, the date(s) you upgraded any applicable software, the date(s) it was serviced and/or repaired, the date on which you ceased using it and the vendor from which/whom you obtained it.

**ANSWER:** Sogro began using a Verifone Trans 330 approximately eight years ago. It has never been serviced or repaired. The only time the software was upgraded was after Sogro received service of this lawsuit. Sogro notified Payment Tech of the lawsuit and Payment Tech upgraded the software to truncate the credit card numbers and remove the expiration dates from printed receipts.

7. Since December 4, 2003, identify each Merchant Bank you have engaged to process Transactions and for each, identify the date on which you engaged it and the date on which you disengaged from it.

**ANSWER:** National City, previously known as First Star Bank
401 Broad St
Lake Geneva, WI 53147

8. Identify all oral and/or written communications you have received related to Truncation Requirements and/or DDS.

**ANSWER:** After Sogro received notice of this lawsuit, Sogro called Payment Tech regarding the truncation requirements.


9. Identify all Trade Associations and Business Associations with which you have been affiliated and, for each, identify the date your affiliation began and the date your affiliation ended.

**ANSWER:** Lake Geneva Chamber of Commerce
Wisconsin Inn Keepers
Budget Host franchise
AAA
1994 – Present


10. Identify all trade Publications and Business Publications to which you have subscribed and, for each, identify the date your subscription started and the date your subscription ended.

**ANSWER:** Lake Geneva Visitors Guide.


11. State, in detail, your procedures, if any, for verifying that you are compliant with the Truncation Requirements and identify any modifications to the procedures since December 4, 2003.

**ANSWER:** When Sogro was served with this lawsuit, it called Payment Tech to discuss these requirements. Payment Tech then updated Sogro's terminal to only print the last four numbers of the customer's credit card and not to print the expiration date.


12. Identify the person(s) on your behalf responsible for verifying your compliance with the Truncation Requirements, including the date(s) each person(s) was/is responsible for such verification.

**ANSWER:** No one was responsible because Sogro was unaware of the Truncation Requirements.

13. From December 4, 2003 to the date the Complaint was filed, describe in detail all action you took to be compliant with the Truncation Requirements and, for each, state the date on which the action was taken.

**ANSWER:** None.

14. State the date on which you became aware of the Truncation Requirements.

**ANSWER:** March 24, 2008.

15. State the date on which you became aware that you did not meet the Truncation Requirements.

**ANSWER:** March 24, 2008.

16. State the date on which you became compliant with the Truncation Requirements.

**ANSWER:** March 24, 2008.

17. State the number of Transactions at your establishment from December 4, 2006 to April 30, 2007.

**ANSWER:** Approximately 500.

18. State the number of Transactions at your establishment from December 4, 2006 to the date the Complaint was filed.

**ANSWER:** Approximately 2,500.

19. Since December 4, 2003, identify all persons that have offered or solicited to provide (by sale or otherwise) you with a POS Terminal and/or software upgrade(s) to ensure your compliance with the Truncation Requirements.

**ANSWER:** None.

20. Describe your document retention and destruction policy(ies), stating the date(s) on which changes were made, if any, and identifying what those changes were.

**ANSWER:** Sogro shreds the imprint of the credit card after the customer checks out of the hotel. Sogro retains all registration cards completed by guests.

21. For the period December 4, 2006 through the date the Complaint was filed, identify what Cardholder information you gathered related to Transactions at your establishment,

the duration for which you maintain that information and whether that information is currently retrievable electronically.

**ANSWER:** Sogro requires that an individual give a credit card to secure a room. The information is kept on a reservation card until the customer checks out and soon after the customer checks out it is shredded. When customers check in they fill out a registration card with their name, address and make and model of their car. This card is maintained on site at the hotel.

22. Since December 4, 2006, identify all persons to whom you issued Sales Receipts that included full Card Numbers.

**ANSWER:** Objection. This interrogatory is overly broad and unduly burdensome.

23. Identify each person whom you expect to call at trial and state the subject matter on which such person is expected to testify.

**ANSWER:** Joseph Solus will testify regarding Sogro's knowledge on all subjects raised in the Complaint and the Answer. Donna Solus will testify about Sogro's operation of the subject hotel and issues relating to credit card transactions. Chris Armes will testify about his stay and reservations at the hotel. Payment Tech will testify about issues relating to the POS terminal used by Sogro. Investigation continues.

24. If any of your response(s) to the included Requests for Admission is/are anything other than an unqualified admission(s), state the basis, in detail, for your response(s).

**ANSWER:** The reasons for Sogro's denial of Requests for Admission are as follows:

Request 12: Sogro's POS Terminal was put into use in 1994 when the hotel first opened.

Request 14: Sogro was not aware of the Truncation Requirements until it received notice of this lawsuit on March 24, 2008.

Request 15: Sogro was not aware that it was prohibited from providing Sales Receipts that included full Card Numbers until it received notice of this lawsuit on March 24, 2008.

Request 16: Sogro's Merchant Bank never advised Sogro that it was prohibited from providing Sales Receipts that included full Card Numbers.

Request 17: Visa never advised Sogro that it was prohibited from providing Sales Receipts that included full Card Numbers.

Request 18: MasterCard never advised Sogro that it was prohibited from providing Sales Receipts that included full Card Numbers.

Request 19: No Trade Association ever advised Sogro that it was prohibited from providing Sales Receipts that included full Card Numbers.

Request 20: Sogro has no idea if the POS Terminal was capable of providing Sales Receipts that did not include full Card Numbers on April 30, 2007. Payment Tech never informed Sogro that it was capable of doing so and Sogro never inquired as to if the Terminal had that capability until March 24, 2008.

Request 21: Sogro has no idea if the POS Terminal was capable of providing Sales Receipts that did not include full Card Numbers from December 4, 2008 to April 30, 2007. Payment Tech never informed Sogro that it was capable of doing so and Sogro never inquired as to if the Terminal had that capability until March 24, 2008.

Request 23: Sogro was not aware of the Truncation Requirements until it received notice of this lawsuit on March 24, 2008. Thus, Sogro had no knowledge that it did not meet the Truncation Requirements at that time.

Request 24: Sogro was not aware that it was prohibited from providing Sales Receipts that included full Card Numbers until it received notice of this lawsuit on March 24, 2008. Thus, Sogro had no knowledge that it was prohibited from including full Card Numbers on Sales Receipts.

Request 25: Sogro was not aware that it was prohibited from providing Sales Receipts that included full Card Numbers until it received notice of this lawsuit on March 24, 2008. Thus, Sogro did not willfully provide Sales Receipts that included full Card Numbers.

Request 26: Sogro was not aware that it was prohibited from providing Sales Receipts that included full Card Numbers until it received notice of this lawsuit on March 24, 2008. Thus, Sogro did not knowingly provide Sales Receipts that included full Card Numbers.

Request 27: Sogro was not aware that it was prohibited from providing Sales Receipts that included full Card Numbers until it received notice of this lawsuit on March 24, 2008. Thus, Sogro did not recklessly provide Sales Receipts that included full Card Numbers.

Request 28: Sogro was not aware that it was prohibited from providing Sales Receipts that included full Card Numbers until it received notice of this lawsuit on March 24, 2008. Thus, Sogro did not willfully provide Sales Receipts that included full Card Numbers.

Request 29: Sogro was not aware that it was prohibited from providing Sales Receipts that included full Card Numbers until it received notice of this lawsuit on March 24, 2008. Thus, Sogro did not knowingly provide Sales Receipts that included full Card Numbers.

Request 30: Sogro was not aware that it was prohibited from providing Sales Receipts that included full Card Numbers until it received notice of this lawsuit on March 24, 2008. Thus, Sogro did not recklessly provide Sales Receipts that included full Card Numbers.

Request 31: The number of class members who suffered actual damages is not so numerous that would make joinder impracticable.

Request 32: The number of class members who suffered actual damages does not satisfy the numerosity requirement.

Request 33: The questions of law and fact are not common to all class members.

Request 34: Individual questions of law and fact predominate over class questions.

Request 35: Plaintiff's claims are not typical of the proposed class members.

Request 36: Plaintiff failed to notify Sogro that his receipt was printed with his full credit card number and expiration date. Plaintiff suffered no actual damages.

Request 37: Plaintiff failed to notify Sogro that his receipt was printed with his full credit card number and expiration date. Plaintiff suffered no actual damages.

Request 38: Plaintiff's counsel is not adequate based on Sogro's counsel's experiences with Plaintiff's counsel on prior cases.

Request 39: Plaintiff's counsel is not adequate based on Sogro's counsel's experiences with Plaintiff's counsel on prior cases.

SOGRO, INC.

By: _____
One of Its Attorneys

James K. Borcia
David O. Yuen
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

## VERIFICATION

Joseph Solus, under penalties of perjury, deposes and states as follows:

That he is a duly authorized representative of Defendant Sogro, Inc. herein; that he has read the foregoing Answers to Plaintiff's First Set of Interrogatories and knows the contents thereof; that the Answers set forth therein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of those Answers; that he consequently reserves the right to make any changes in the Answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said Answers are true to the best of his knowledge, information and belief.

*/s/ Joseph Solus*