UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

CHRIS ARMES,

        Plaintiff,

        v.                        Case No. 08-C-0244

SOGRO, INC.,
d/b/a Budget Host Diplomat Motel,

        Defendant.

DECISION AND ORDER GRANTING
MOTION FOR CLASS CERTIFICATION (DOCS. 30, 62)

Chris Armes sues Sogro, Inc., claiming that Sogro unlawfully generated customer receipts displaying more than the last five digits and expiration dates of credit cards, in violation of the Fair and Accurate Credit Transaction Act ("FACTA"), 15 U.S.C. § 1681c(g). Armes asserts that on April 30, 2007, at the Budget Host Diplomat Motel in Lake Geneva, Wisconsin, Sogro violated FACTA by printing a receipt on which his entire credit card number was displayed. Because Sogro's standard practice in issuing credit card receipts was uniform, Armes filed a class action lawsuit seeking to represent all consumers who received receipts from Sogro in violation of FACTA. Sogro estimates that it processed 2500 credit and debit card transactions between December 4, 2006 (the date FACTA became effective) and March 24, 2008, when it learned of FACTA and immediately acted to conform its receipts to FACTA demands. (Def.'s Opp'n at 3.)

FACTA, an amendment to the Fair Credit Reporting Act, provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt

provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). Failure to comply with § 1681c(g) subjects a person to actual damages or statutory damages from $100 to $1000 for willful violation of the statute. 15 U.S.C. § 1681n(a)(1)(A); *see also Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 622 (7th Cir. 2007). For cash registers in use prior to January 1, 2005, § 1681c(g)(1) became effective December 4, 2006. *See* 15 U.S.C. § 1681c(g)(3)(A).

Presently before the court is Armes's motion for class certification,[1] in which he seeks certification of the following class: "All persons to whom Sogro, Inc. d/b/a Budget Host Diplomat Motel provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displayed more than the last five digits of the person's credit card or debit card number." (Pl.'s Mem. of Law in Supp. at 2; *see* Compl. ¶ 15.)

A plaintiff seeking class certification bears the burden of satisfying the four requirements of Fed. R. Civ. P. 23(a) and one of the subsections of Fed. R. Civ. P. 23(b). Fed. R. Civ. P. 23; *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006); *Armes v. Shanta Enter., Inc.*, No. 07 C 5766, 2009 U.S. Dist. LEXIS 58385, at *6 (N.D. Ill. July 8, 2009) (Kapala, J.). Under Rule 23(a), Armes must show (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) his claims or defenses as representative party are typical of the claims or

---

[1] Last year the court denied the motion for class certification without prejudice when it appeared from the parties' numerous requests for extensions of time for briefing and discovery that they were not ready to proceed. The motion for class certification was reinstated this past October. In recent filings Sogro has suggested that in denying the motion without prejudice the court addressed the merits of the motion or suggested that the motion had little chance for success. However, the court did not at any time determine the merits of the motion for class certification. Questioning of plaintiff's counsel during the scheduling conference in April 2010 was aimed at determining the cause for delays rather than implying that the motion was not meritorious.

defenses of the class, and (4) he will fairly and adequately protect the interests of the class. Armes seeks certification under Rule 23(b)(3), which requires a plaintiff to establish that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The district court has broad discretion in determining whether class certification is appropriate. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998); *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831, 835 (N.D. Ill. 2008) (Dow, J.). The court does not presume that all well-pleaded allegations are true for purposes of deciding the certification question. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676-77 (7th Cir. 2001). Rather, it should "look[] beneath the surface of a complaint to conduct the inquiries identified in [Rule 23] and exercise the discretion it confers." *Id.* at 677. Nevertheless, the court does not delve into the merits of the ultimate issues, which do not affect class certification. *Cicilline*, 542 F. Supp. 2d at 835.

A. Rule 23(a)

Sogro does not challenge Armes on the numerosity and commonality requirements. Instead, it attacks typicality, adequacy, and both Rule 23(b)(3) requirements. Regardless, the court must ensure that all requirements are met, notwithstanding Sogro's concession on numerosity and commonality. *Shanta Enter., Inc.*, 2009 U.S. Dist. LEXIS 58385, at *5-*6.

1. Numerosity

Rule 23(a)(1) requires that a proposed class be so numerous that joinder is impractical. The Seventh Circuit has indicated that a group as small as forty may satisfy

3

the numerosity requirement. *Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969); *Shanta Enter., Inc.*, 2009 U.S. Dist. LEXIS 58385, at *6; *Beringer v. Std. Parking Corp.*, No. 07 C 5027, 2008 U.S. Dist. LEXIS 72873, at *4 (N.D. Ill. Sept. 24, 2008) (Pallmeyer, J.). In *Shanta Enterprise* the district court found that a class of at least 100 and up to 5330 members met the numerosity requirement. 2009 U.S. Dist. LEXIS 58385, at *6.

Sogro admits it provided approximately 2500 receipts that were not compliant with FACTA during the proposed class period. (Def.'s Opp'n at 3.) Thus, the class may contain 2500 persons. Hence, the court is satisfied that the numerosity requirement is met.

2. Commonality

Rule 23(a)(2) next requires that there be "questions of law or fact common to the class." All that is necessary is a showing of "a common nucleus of operative fact." *Keele*, 149 F.3d at 594; *Beringer*, 2008 U.S. Dist. LEXIS, at *5. Here, Armes and all proposed class members received receipts from Sogro containing more than five digits of a credit card, allegedly in violation of § 1681c(g)(1). Moreover, it appears that Sogro's practice was uniform as to all proposed class members, creating a nucleus of operative fact. Further, whether Sogro's practice violated FACTA will be a common legal question. Thus, the commonality requirement is met.

3. Typicality

"A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele*, 149 F.3d at 595 (internal citations omitted). Armes's claim arises from the same alleged practice or course of conduct as the

4

claims of other class members. All members of the proposed class, including Armes, received allegedly noncompliant credit card or debit card receipts from Sogro after FACTA went into effect.

Sogro submits that Armes does not meet the typicality requirement because his debit card was used to pay for overnight accommodations while he was on business. Sogro contends that because the transaction was a business expense and/or because Armes was reimbursed by his company, Armes is not a consumer as required by FACTA.

This argument is unconvincing. Armes used his personal debit card in the credit transaction at issue; thus, his personal card information was subject to identity theft. Personal debit cards are personal debit cards no matter the purpose of the expense or whether someone's mother, friend, or employer ends up paying the bill or reimbursing the cardholder. As an individual using his own personal debit card, Armes was the same as any other individual class member who used a personal credit or debit card.

Moreover, Sogro provides no evidence that Armes was reimbursed by his employer; indeed, Armes says he was not reimbursed for out-of-pocket business expenses as he was working on commission. (Pl.'s Reply, Ex. A at 23-24.)

Sogro may be correct that among its transactions from December 2006 to March 2008, some corporate credit cards were used, and corporations may not be consumers under FACTA for purposes of this case. However, the class definition is of "persons" using "the person's" credit or debit card. Moreover, District Judge Pallmeyer recognized in *Beringer* that later identification of corporate cardholders was not a problem for the purpose of class certification: "the court is not yet persuaded that this problem is insurmountable." 2008 U.S. Dist. LEXIS 72873, at *16. A magistrate judge in the Northern

District of Illinois observed that whether corporate purchasers exist goes to the right of putative class members to participate in any class recovery, not to the threshold question of whether a class should be certified. *Harris v. Circuit City Stores, Inc.*, No. 07 C 2512, 2008 U.S. Dist. LEXIS 12596, at *19 (N.D. Ill. Feb. 7, 2008) (Schenkier, M.J.). Accordingly, Armes has satisfied the typicality requirement.

  4.  Adequacy of Representation

Rule 23(a)(4) requires Armes to show that he "will fairly and adequately protect the interests of the class." A plaintiff must show that: "(1) the representative does not have conflicting or antagonistic interests compared with the class as a whole; (2) the representative is sufficiently interested in the case outcome to ensure vigorous advocacy; and (3) class counsel is experienced, competent, qualified and able to conduct the litigation vigorously." *Cavin v. Home Loan Ctr. Inc.*, 236 F.R.D. 387, 392-93 (N.D. Ill. 2006) (citing *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986)).

Sogro contends that Armes will not adequately protect the interests of the class because he is not sufficiently interested in the case outcome to ensure vigorous advocacy. However, to the contrary, Armes has demonstrated vigorous advocacy in two other FACTA cases that have been filed in his name. *See, e.g., Shanta Enter., Inc.*, 2009 U.S. Dist. LEXIS 58385. His pursuit of this case demonstrates that he is more than sufficiently interested in the outcome of the proceeding: he says he has reviewed the complaint, participated in discovery, and monitored the litigation, and he has been deposed. (*See* Pl.'s Reply, Ex. A.)

Sogro also is concerned that Armes's interest may conflict with a class member who has suffered actual damages, as he has asserted only statutory damages.

6

As discussed below, this may become a nonissue if those with substantial actual damages opt out. But, "concerns about different interests that arise only at the damages stage generally do not prevent certification of a class for the purpose of proving liability." *Beringer*, 2008 U.S. Dist. LEXIS 72873, at *7.

In addition, Sogro suggests that although Armes professes a motivation to protect others from identity theft, he never warned Sogro or otherwise alerted anyone, other than his attorney, of Sogro's violations. Sogro says that although Armes claims he was fearful of identity theft, he did not contact his credit card company or shred his receipt. How Armes's failure to inform Sogro of the fact that its conduct was violating FACTA translates into inadequacy toward the class is unclear, and Armes cannot be penalized for failing to shred evidence of a possible FACTA violation.

Sogro does not challenge the adequacy of Armes's counsel. Notably, Armes is represented by attorneys from The Consumer Advocacy Center in Chicago and Paul Markoff, all of whom represented Armes in *Shanta Enterprise*. *See Shanta Enter., Inc.*, 2009 U.S. Dist. LEXIS 58385. Sogro has not suggested that attorneys from The Consumer Advocacy Center are not adequate for this FACTA case, and the court sees nothing in the record supporting a finding that Armes's attorneys are unable to provide adequate services in this case. Therefore, the court finds that the adequacy requirement has been met.

B.  Rule 23(b)(3)

Rule 23(b)(3) specifies two requirements: (1) "that the questions of law or fact in common to class members predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Considerations pertinent to these requirements

include the class members' interests in individually controlling separate actions, the extent of any litigation already begun by class members, the desirability of concentrating the litigation in this forum, and likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D). No one suggests that any proposed class members have already sued Sogro, and concentrating litigation in this forum is desirable, as Sogro is located in this district. However, Sogro's challenges focus more on considerations of individuality.

Sogro's primary opposition to the class certification motion is directed to Rule 23(b)(3) requirements. But, Sogro relies mainly on caselaw from district courts in California for points that have been rejected by the Seventh Circuit. Of course, this court must follow Seventh Circuit precedent.

1. Common Questions Predominate

Predominance "goes hand in hand with the commonality requirement," *Cicilline*, 542 F. Supp. 2d at 838, which Sogro did not challenge. Yet, the predominance requirement is more demanding than the commonality requirement. *Beringer*, 2008 U.S. Dist. LEXIS 72873, at *10.

Nevertheless, both requirements are usually satisfied when defendant's conduct toward proposed class members was standardized. *Cicilline*, 542 F. Supp. 2d at 838; *accord Shanta Enter., Inc.*, 2009 U.S. Dist. LEXIS 58385, at *15 (stating that usually "when a class challenges a uniform policy or practice, the validity of that policy or practice tends to be the predominant issue"). In *Beringer*, Judge Pallmeyer found that the creation of a computer-generated receipt was completely standardized, meaning that individual questions would be nonexistent at the liability stage. Judge Pallmeyer found that whether the common, routine practice violated FACTA was the predominant matter for the litigation.

8

2008 U.S. Dist. LEXIS 72873, at *12-13. In *Cicilline*, Judge Dow held that Jewel's issuance of credit card receipts bearing prohibited information predominated over issues affecting individual members. 542 F. Supp. 2d at 838-39.

Here, common issues of fact and law predominate over issues affecting individual members. Sogro allegedly issued credit and debit card receipts bearing prohibited information to class members pursuant to a standardized practice, in violation of FACTA. The focal point will be Sogro's alleged standardized course of conduct and whether that course of conduct violated FACTA.

Sogro maintains that the predominance requirement is not satisfied because individualized inquiry is necessary regarding actual injury. However, Armes has not alleged actual harm for the plaintiff class; he seeks a statutory remedy for the class.

The Seventh Circuit has stated in a Fair Credit Reporting Act case that "[u]nless a district court finds that personal injuries are large in relation to statutory damages, a representative plaintiff must be allowed to forego claims for compensatory damages in order to achieve class certification." *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006). In the event a few class members have sustained and want to pursue actual injury, they can opt out and litigate separately. *Id.* Their existence does not call for denial of class certification unless all or almost all of the actual-damage claims are likely to be large enough to warrant individual litigation. *Id.* Thus, the Seventh Circuit has rejected this very argument.

Also, Sogro contends that individualized inquiry is required with respect to willfulness, which must be proved before statutory damages may be awarded. It further contends that each class member would need to be questioned as to whether he or she

9

notified Sogro of its FACTA violation.  Why such inquiry may be necessary is unclear unless plaintiffs base a willfulness argument on direct notification by certain customers—and if that were the case Sogro would need to depose only the customers who assert they notified it, not the entire class.  The record indicates that Armes does not contend that Sogro was notified by some class member; he contends that Sogro was notified of FACTA requirements by other parties prior to December 4, 2006.  (Pl.'s Reply at 10.)  Sogro's position is that it did not learn about FACTA until the filing of this suit, not that any particular customer put Sogro on notice.  So the present position of both sides is that none of these customers notified Sogro of the FACTA violation at issue.  Moreover, the court is unpersuaded that a question about *Sogro's* culpability translates into individualized inquiries of Sogro's *customers*.  Sogro can investigate its willfulness with its own management and employees.

Sogro's argument that predominance is not met because each cardholder must be asked whether the transaction was for a personal or business purpose or whether the card was an individual or corporate card is rejected for the reasons discussed above concerning typicality.  The suggestion that individuals must be quizzed as to whether the person who received the receipt was in fact the cardholder is not persuasive, either.  The proposed class is comprised of persons to whom Sogro provided a receipt that displayed more than five digits of that persons' credit or debit card number.  Those who were using someone else's credit card (such as those using stolen credit cards) would not be members of the class.

10

2. Superiority

As to the issue of superiority, "Rule 23(b)(3) was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Murray*, 434 F.3d at 953. "Class certification is usually considered a superior method of adjudicating claims involving standardized conduct, even if there are individual issues that exist among class members (for example, on questions such as damages) . . . ." *Cicilline*, 542 F. Supp. 2d at 838. "FACTA claims are especially well-suited to resolution in a class action where, as here, potential recovery is too slight to support individual suits . . . ." *Id.* at 839; *see also Harris*, 2008 U.S. Dist. LEXIS 12596, at *27 ("Class treatment is the superior method for adjudicating the single act of conduct at issue in this case: whether defendant issued electronic receipts that violate FACTA to consumers during the relevant time period and did so willfully.").

Sogro submits that FACTA encourages individuals to file their own lawsuits because in addition to statutory damages, FACTA provides for recovery or attorneys' fees and punitive damages. (Def.'s Opp'n at 21.) This court disagrees. Where statutory damages may be $100 to $1000, how many individuals will spend $350 to file a federal action, expend time and effort in pursuing the case, and risk *owing* costs to the defendant? Few. *See Cicilline*, 542 F. Supp. 2d at 840 ("[F]or most potential class members, there are no actual damages and the recovery would by tiny relative to the expense of litigation on an individual basis." (internal quotation marks omitted)).

Sogro adds that class certification should be denied when damages would be excessive. It argues that it is a small company facing damages of $2.5 million to $25 million and that the results of this class action could be annihilating. It also contends that

11

the range of damages is disproportionate for such a "mere technical and unintentional violation" that may have caused no actual injury, violating due process. (*See* Def.'s Opp'n at 15.)

Sogro's annihilation argument fails factually and legally. Factually, the range of damages has been misstated ten-fold based on a multiplication error. The statutory violation range is $100 to $1000 and there are estimated to be 2500 class members; 100x2500=$250,000 and 1000x2500=$2,500,000. No evidence has been presented by Sogro to establish that it has no insurance coverage or other resources to pay potential damages that may be due.

Regardless, the extent of damages is of no relevance at this stage per controlling Seventh Circuit caselaw. In *Murray*, the Seventh Circuit rejected GMAC Mortgage's argument that it "'would face potential liability in the billions of dollars for purely technical violations'" of the Fair Credit Reporting Act. 434 F.3d at 953.

> The reason that damages can be substantial, however, does not lie in an "abuse" of Rule 23; it lies in the legislative decision to authorize awards as high as $1,000 per person, combined with GMACM's decision to obtain the credit scores of more than a million persons.
>
> . . . .
>
> . . . . [I]t is not appropriate to use procedural devices to undermine laws of which a judge disapproves. Maybe suits such as this will lead Congress to amend the Fair Credit Reporting Act; maybe not. While a statute remains on the books, however, it must be enforced rather than subverted.

*Id.* at 953-54. Like *Murray*, here the amount of potential damages is a function of the statutory range set by Congress and of Sogro's own actions in not following FACTA for over a year. If Sogro has a concern about the statutory range and the lack of a cap on

12

damages, its owner can contact his senators and congressman. It is not this court's place to subvert the will of Congress through denial of class certification. *See Shanta Enter.*, 2009 U.S. Dist. LEXIS 58385, at *23 ("[T]he *Murray* court's reasoning is based upon the premise that the legislature, not the court, decides the magnitude of possible penalties a defendant could face for breaching a statute."). Moreover, Sogro's characterization of its own actions as "mere[ly] technical and unintentional" violations is irrelevant. If plaintiffs can prove Sogro committed willful conduct that Congress has prohibited, then the conduct was not merely technical.

As for Sogro's constitutional attack on FACTA's statutory penalty provision, in the class action context, the Seventh Circuit has rejected the argument. Moreover, the appellate court, in strong language, disapproved of the district court's hostility to class litigation and ordered the case reassigned upon remand.

Sogro attempts to distinguish *Murray* because the violation in *Murray* was "substantive in that the defendant purposefully violated the consumer's rights by gaining access to her credit reports for solicitation purposes" and the defendant stood to gain financially by its improper solicitation, while here Sogro "neither sought nor realized any conceivable financial gain." (Def.'s Opp'n at 18.) Nothing in *Murray* suggests that a defendant's intent in violating a consumer's rights has any bearing on class certification. Like this case, *Murray* involved statutory damages under a consumer credit protection statute. "FACTA is not designed to prevent the seller from getting a benefit. Rather, it seeks to protect the consumer from a detriment: exposure to the risk of identity theft." *Harris*, 2008 U.S. Dist. LEXIS 12596, at *30-*31.

Since *Murray*, numerous district judges in the Northern District of Illinois have certified class actions in FACTA cases, many of the judges rejecting, under *Murray*, similar annihilation and constitutional arguments. *See Shanta Enter., Inc.*, 2009 U.S. Dist. LEXIS 58385, at *4, *20 (listing cases); *Beringer*, 2008 U.S. Dist. LEXIS 72873; *Cicilline*, 542 F. Supp. 2d at 837-41; *Harris*, 2008 U.S. Dist. LEXIS 12596. In *Shanta Enterprise*, the district court certified a class defined in the same way as the present case (against a different defendant),[2] with the same class representative, Armes, and the same class counsel as the case at bar. This court, like the courts in the Northern District of Illinois, follows *Murray*, not decisions from district courts in California or elsewhere that have accepted such annihilation and excessive damages arguments. Also, assuming that the plaintiff class is awarded damages, any unconstitutionally excessive award may be reduced at that time. 434 F.3d at 954. Further, the possibility of excessive damages in FCRA or FACTA cases does not impact class certification in this circuit. "[C]onstitutional limits are best applied after a class has been certified." *Id.*

Finally, Sogro contends that its prompt compliance with FACTA after learning of the statute weighs against class certification, "as it nullifies any possible deterrent effect of a class action." (Def.'s Opp'n at 19.) The Seventh Circuit's rejection of the arguments in opposition to class certification in *Murray* leads this court to conclude that deterring violations is not a factor that impacts whether a class should be certified. Consequently, Armes has satisfied the superiority requirement of Rule 23(b)(3).

---

[2]The certified class in *Shanta Enterprise* was : "All persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displayed more than the last five digits of the person's credit and/or debit card number." 2009 U.S. Dist. LEXIS 58385, at *2.

14

CONCLUSION

For the reasons stated above, the requirements of Rule 23(a) and (b)(3) have been met in this case. Therefore,

IT IS ORDERED that plaintiff's motion for class certification (Docs. 30, 62) is granted.

IT IS FURTHER ORDERED that the parties confer regarding possible settlement of this case in light of this decision and notify the court in writing within seven days whether they desire a return to mediation before continuing with proceedings in this court.

IT IS ORDERED that during this seven day period briefing on the summary judgment motion (and deadline for the filing of a cross-motion) is stayed. In the event the parties do not desire a return to mediation, any remaining briefing deadlines will be extended by seven days automatically.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE