UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRIS ARMES, individually and on behalf of all others similarly situated,<br>          Plaintiff,<br>v.<br>SOGRO, INC. d/b/a Budget Host Diplomat Motel,<br>          Defendant. | Case No. 08 C 244<br><br>Judge Clevert |

## PLAINTIFF'S MOTION TO APPROVE CLASS NOTICE

Plaintiff Chris Armes, pursuant to Fed. R. Civ. P. 23(c)(2)(B), moves this Court to approve Plaintiff's proposed class notice. In support of this motion, Plaintiff states as follows:

1. On September 29, 2010, this Court certified the following class [DE 92]:

   All persons to whom Sogro, Inc. d/b/a Budge Host Diplomat Motel provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displayed more than the last five digits of the person's credit card or debit card number.

2. The proposed class period is December 4, 2006 through April 17, 2008, the date on which Defendant Sogro, Inc. d/b/a Budget Host Diplomat Motel ("Defendant") began truncating customer credit and debit card receipts.[1]

3. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), once a class is certified, "the court must direct to class members the best notice that is practicable under the circumstances.'

4. Notice should now be sent to the class as the Seventh Circuit Court of Appeals denied Defendant's Petition for Leave to Appeal this Court's class certification order.

---

[1] Defendant's owner, Joseph Solus, testified that he became FACTA compliant the day he learned of this lawsuit. See excerpts from Deposition of Joseph Solus at 30:1-9, attached hereto as **Exhibit 1**. Mr. Solus signed for the request for waiver of service on April 17, 2008. See green card proof of service, attached hereto as **Exhibit 2**.

5. Plaintiff's counsel has compiled the class list from Defendant's records and therefore, proposes the following notice plan.

6. First, Plaintiff proposes direct first class mail notice to all class members for whom Defendant's records contain a last known address.

7. Second, because Defendant's records do not include contact information for all class members, Plaintiff proposes publication notice by newspaper, website and posting. Specifically, Plaintiff proposes the following:

   a. Publication notice once in the 156 publications distributed throughout the State of Wisconsin, as reflected in **Exhibit 3** hereto.

   b. Publication notice once in the Lake Geneva Regional News.

   c. Publication notice once in the newspapers distributed in the Chicagoland zone, reflected in **Exhibit 4** hereto.

   d. Website notice on [www.caclawyers.com/budgethost](www.caclawyers.com/budgethost) for a 60 day period.

   e. Posted notice on each public entry into Defendant's motel and prominently at Defendant's motel registration desk.

8. The substance of each form of notice is provided as **Exhibits 5-8** hereto.

9. This Court should approve the proposed forms of notice because, as set forth in Rule 23(c)(2)(B), they describe in plain terms the nature of the action; the class definition; the claims at issue; class members' right to appear through counsel; class members' right to exclude themselves from the class; the time and manner for exclusion; and the binding effect of a class judgment.

10. This Court should also approve the proposed method of notice because Rule 23(c)(2)(B) requires that class members be given "the best notice practicable under the

circumstances, including individual notice to all members who can be identified <u>through reasonable effort</u>." (Emphasis added).

11. In this case, direct mail notice is appropriate for all class members for whom Defendant's records show a last known address.[2]

12. In instances in which Defendant's records do not reveal a last known address for class members, direct mail notice to the class is untenable because mailing addresses for the class members are unknown to both parties and not capable of being reasonably determined because the class members' receipts do not contain addresses or any other contact information.

13. To locate a class member's address with only a receipt containing a credit card number would be cost-prohibitive and not assured success. Locating class members' addresses requires the following steps: (a) reviewing each credit/debit transaction receipt to ascertain the first six (6) digits of a class member's card number ("PAN"); (b) then matching the PAN to a list of PANs for financial institutions nationwide; (c) then issuing subpoenas to each relevant financial institution in order to ascertain the identity and contact information for the cardholders; (d) then filing motions to compel in each of the relevant jurisdictions, because financial institutions are unlikely to disclose customer information without a specific court order; (e) then, if compulsion orders are entered, compiling a list of class member names and contact information; and (f) then issuing direct mail notice to class members. *See e.g.*, *Rogers v. Khatra Petro, Inc.*, case no. 2:08 cv 294 [DE 108 at pp. 3-4] (N.D. Ind. Feb. 14, 2011), attached hereto as **Exhibit 9**. Plaintiff's counsel anticipates the cost of such an endeavor to be in excess of $100,000.

---

[2] Plaintiff's counsel's compilation of the class list reveals 1,118 class members (as evidenced by credit/debit card receipts). Defendant's records (motel registration cards) reveal last known addresses for 666 class members.

14. Direct mail and publication/posted notice (in the various forms Plaintiff proposes) are therefore appropriate in this case and meet the requirements of Rule 23. *See e.g., Rogers*, Exhibit 9 at p. 4 (finding that newspaper publication alone is generally sufficient, let alone the plaintiff's proposal also to publish on a website and post notice at the defendant's store).

15. Plaintiff further requests that this Court order Defendant to print, post and maintain the posted notice (Exhibit 6) at its motel for the duration of the notice period.

WHEREFORE, for the foregoing reasons, Plaintiff Chris Armes requests that this Court approve the notice plan and the form and substance of the proposed noticed included with this motion and order Defendant to print, post and maintain the posted notices at its motel for the duration of the 60 day notice period.

CHRIS ARMES, Plaintiff,

By: s/ Paul F. Markoff
One of Plaintiff's Attorneys

Lance A. Raphael (lance@caclawyers.com)
Allison A. Krumhorn (allison@caclawyers.com)
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
Tel: 312.782.5808
Fax: 312.377.9930

Paul F. Markoff (paul@markleinlaw.com)
Markoff Leinberger LLC
180 W. Washington St., Ste. 700
Chicago, IL 60602
Tel: 312.726.4162
Fax: 312.277.2507

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of this *Plaintiff's Motion to Approve Class Notice* on the following electronically by using the CM/ECF system on this 16th day of June, 2011:

James K. Borcia (jborcia@tresslerllp.com)
Tressler LLP
233 S. Wacker Dr., 22nd Fl.
Chicago, IL 60606