JKB/cic/595321　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　726-42-51

# UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| ANGELA VELASCO, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 08-CV-244-CNC |
| SOGRO, INC. d/b/a BUDGET HOST DIPLOMAT MOTEL, ) ) ) | Judge Charles N. Clevert, Jr. |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR SANCTIONS

Defendant, Sogro, Inc. d//b/a Budget Host Diplomat Motel ("Sogro"), by and through its attorneys, hereby moves for sanctions against Chris Armes, and in support thereof, states as follows:

1. Chris Armes filed this lawsuit back in March 2008. At that time, he represented that he was going to represent members in a class in this case.

2. On March 29, 2011, the Court certified a class with Armes as class representative.

3. On September 3, 2013, Armes moved to withdraw from this case as a class representative. In support of his Motion to withdraw, Armes submitted a Declaration. (ECF 140).

4. After Armes' Declaration was submitted, Defendant sought to depose Armes. Armes and his counsel resisted that deposition. The Court ordered the deposition to proceed and overruled Armes and his counsel's objection.

5. Armes' deposition was taken on December 19, 2013. At that time, Armes made admissions that call into question the veracity of his Declaration and justify an award of sanctions.

6. In his Declaration, Armes represented that he had moved to Washington, DC. (Armes Declaration at ¶ 4). However, in his deposition Armes stated that he does not reside in Washington, DC, but instead resides in Florida. (Ex. A, Armes Dep. at 10-11).

7. Armes attested in his Declaration that due to his new job at Burning Tree Golf Club, he was not available for trial. However, Armes revealed at his deposition that he does not have an employer, but rather he is an independent contractor who works as a caddie at the Burning Tree Golf Club. (Ex. A at 11).

8. Armes' representation in his Affidavit that he may lose his job if he were to leave for trial was without any foundation. In fact, Armes conceded in his deposition that he has never even asked anyone at the Club if he could take time off to attend the trial. (Ex A at 23-25).

9. There is no reason why Armes could not leave his work as a caddie in February in Washington, DC where he is not even employed and has not asked for time off. Armes also claimed in his Affidavit that the cost of travel for trial means he can no longer serve as class representative. However, the cost of travel is not a basis to withdraw from the class. Indeed, Armes previously flew from New England to Wisconsin for a settlement conference in this case and did not even pay for the cost of the airline travel, although claimed in his deposition that he did not know who paid for the cost of the airline travel. (Ex. A at 33-34).

10. As a result, Armes should be sanctioned for his behavior in this lawsuit. This includes Armes should be forced to reimburse Defendant for its attorney's fees and costs incurred in this lawsuit.

WHEREFORE, Defendant, Sogro, Inc., prays that this Honorable Court enter sanctions against Plaintiff Chris Armes and for such further relief as this Court deems just and appropriate.

    SOGRO, INC.

    By: /s/ James K. Borcia
        One of Its Attorneys

James K. Borcia
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2014, I electronically filed Defendant's Motion for Sanctions with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

>Lance A. Raphael
>Stacy M. Bardo
>Allison A. Krumhorn
>The Consumer Advocacy Center, P.C.
>180 W. Washington St., Ste. 700
>Chicago, IL 60602

>Respectfully submitted,
>
>SOGRO, INC.
>
>By: /s/ James K. Borcia
>     One of Its Attorneys

James K. Borcia
Ryan Taylor
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

4