UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

ANGELA VELASCO, individually and
on behalf of all others similarly situated,

      Plaintiff,

      v.                              Case No. 08-C-0244

SOGRO, INC.,
d/b/a Budget Host Diplomat Motel,

      Defendant.

---

ORDER DENYING MOTIONS TO DISMISS (DOC. 160), TO DECERTIFY CLASS (DOC. 164), AND FOR SANCTIONS (DOC. 163); GRANTING IN PART AND DENYING IN PART SOGRO'S MOTIONS IN LIMINE (DOC. 157); DIRECTING FINAL BRIEFING ON REMAINING MOTIONS IN LIMINE; AND SETTING HEARING REGARDING MOTIONS IN LIMINE AND SCHEDULING

Previously, the court denied cross-motions for summary judgment and this case appeared ready for trial. However, the named class representative's unwillingness to further prosecute the case has delayed matters. Before the court are three motions related to substitution of the initial plaintiff. Briefing on five motions in limine was stayed pending resolution of these motions.

## MOTION TO DISMISS

On December 9, 2013, the court granted the motion of the former named plaintiff, Chris Armes, to substitute Angela Velasco as the named plaintiff. Velasco was a member of the class when this case was certified as a class action on March 29, 2011.

Defendant, Sogro, Inc., moves to dismiss based on the statute of limitations. According to Sogro, Velasco's claim must be treated as a new claim by a new party and does not relate back to the filing of the original complaint. Sogro contends that Velasco had two years from the discovery of the violation or five years from the date of the violation

(whichever is earlier), to proceed on her claim but her claim had to have arisen before March 2008.

Sogro's motion must be denied in light of Supreme Court and Seventh Circuit precedent. For purposes of a federal statute of limitations (such as the claim at bar under the Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. § 1681c(g)), potential class members are deemed to have brought the case from the filing of the class complaint until at least the point in time when class certification is denied, potential class members opt out, or the original potential class representative (before certification) dismisses the case. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S. Ct. 2392 (1983); *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 549-51, 94 S. Ct. 756 (1974); *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 561 (7th Cir. 2011).[1] "'[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class . . . .'" *Crown, Cork & Seal Co.*, 462 U.S. at 353 (quoting *Am. Pipe & Constr. Co.*, 414 U.S. at 554). "[T]he filing of a timely class action complaint commences the action for all members of the class as subsequently determined. Whatever the merit in the conclusion that one seeking to join a class after the running of the statutory period asserts a 'separate cause of action' which must individually meet the timeliness requirements, such a concept is simply inconsistent with Rule 23 as presently drafted." *Am. Pipe & Constr. Co.*, 414 U.S. at 550. Class members do not have to file individual motions to join or to intervene as parties to preserve their claims; Rule 23 was designed to avoid such filings. *Id.* at 550-51.

---

[1] Federal law determines the tolling effect for a federal statute of limitations while state law supplies the tolling rules for state-law causes of action. *Sawyer*, 642 F.3d at 562-63.

Tolling occurs from the day the class action is asserted until the suit is conclusively not a class action. *Sawyer*, 642 F.3d at 563. *American Pipe & Construction Co.* and *Crown, Cork & Seal Co.* addressed the tolling of the statute of limitations for potential class members when class certification was denied. *Sawyer* considered the tolling of the statute of limitations for potential class members when the original named plaintiff dropped the case prior to class certification.

As a consequence, after a case is allowed to proceed as a class action, the class members continue as parties in the case. The argument that Velasco, a member of a certified class, is a new party bringing a new claim borders on the frivolous. Members of a certified class who do not opt out are "full members who must abide by the final judgment, whether favorable or adverse." *Am. Pipe & Constr. Co.*, 414 U.S. at 549; *see* Fed. R. Civ. P. 23(c)(3) (requiring judgments in class actions to describe the class members). Thus, Velasco has been a member of the certified class since the inception of this case.

As support for its motion Sogro cites *Barnes v. First American Title Insurance Co.*, 473 F. Supp. 2d 798, 801 (N.D. Ohio 2007), and *Currithers v. Fedex Ground Package System, Inc.*, No. 04-10055, 2012 WL 458366 (E.D. Mich. Feb. 13, 2012). Neither case is apposite or persuasive. *Barnes* involved a motion to amend a complaint to substitute parties, which preceded any ruling on class certification. And the *Currithers* court actually *applied* tolling pursuant to *American Pipe & Construction Co. See* 2012 WL 458466, at \*6-\*8. Though *Barnes* and *Currithers* rejected an argument that the relation-back doctrine for amendments to a complaint under Fed. R. Civ. P. 15 provided authority for other class members to avoid the statute of limitations, whether the relation-back doctrine provides a

3

second basis for permitting a claim is immaterial.  *Currithers* expressly recognized that this was an alternate argument by the class members in that case.  Under Fed. R. Civ. P. 23*, American Pipe & Construction Co.*, *Crown, Cork & Seal Co.*, and *Sawyer*, Velasco's claims as class representative are not barred by the statute of limitations, and that is enough.

MOTION FOR SANCTIONS

Sogro seeks sanctions against Chris Armes, contending that Armes's testimony at deposition in December 2013 called into question the veracity of his declaration of September 3, 2013, and failed to establish that Armes could not leave work for trial.  Sogro argues that Armes should be forced to reimburse Sogro for its attorney's fees and costs for the lawsuit.

The motion will be denied.  Although in its reply brief Sogro points to 28 U.S.C. § 1927 and the court's inherent authority as a basis for sanctions, § 1927 is aimed at attorney conduct that vexatiously multiplies the proceedings and the court does not deem it necessary to exercise its inherent authority.  The court sees no vexatious conduct by plaintiffs' counsel. Counsel appears to have been faced with a named plaintiff who refused to cooperate further.  Moreover, the court does not see any willful misleading statements by Armes.  While Armes's official residence may be in Florida rather than the Washington, D.C. area, he appears to work every day in Maryland and rents a residence there, too.  Though he may not have tried as hard as he could to get time off from his job as a caddy to attend trial, it is apparent that he was done with prosecuting this case and was no longer an adequate representative.  Further, due to the length of time this case has been pending, the court will not sanction Armes for his recalcitrance and desire to exit the case.  And while the substitution caused additional costs, it did so for both parties.  Each side can bear

its own costs regarding the substitution. Certainly Armes's conduct does not merit a sanction of paying all of Sogro's legal expenses since the filing of suit.

MOTION TO DECERTIFY CLASS

This court certified the following class on March 29, 2011:

> All persons to whom Sogro, Inc. d/b/a Budget Host Diplomat Motel provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displayed more than the last five digits of the person's credit card or debit card number.

(Doc. 75 at 2.) Sogro moves to decertify the class, arguing that (1) Armes abandoned the class, (2) newly named plaintiff Angela Velasco was improperly solicited and is not a proper class representative, (3) recent case law justifies decertification, (4) the class is not manageable and individual issues predominate because some class members used their credit cards for business purposes, (5) the class is not ascertainable and problems will arise regarding damages for each plaintiff, and (6) individual actions are superior to a class action.

The court has dealt with several of these issues—for instance, credit card use for personal or business reasons, predominance of common questions, and superiority of a class action over individual actions—in its decision and order certifying the class. (*See* Doc. 75.) There is no justifiable reason to reconsider those matters.

Additionally, Armes's decision to terminate his involvement in the case does not warrant decertification. The rights of all class members are at stake, not just Armes's. After class certification, if a class representative is found to be inadequate, substitution of a new representative—not decertification—is the appropriate step. *See Walters v. Edgar*,

163 F.3d 430, 432 (7th Cir. 1998); *Carpenter v. Stephen F. Austin State Univ.*, 706 F.2d 608, 617-18 (5th Cir. 1983).[2]

The court rejects the argument that Angela Velasco was not improperly solicited by class counsel. On August 21, 2013, this court granted class counsel permission to contact class members to inquire about replacing Armes as class representative. (Doc. 137 at 2.) At deposition on December 13, 2013, Velasco said she had been contacted by class counsel within the last couple months, i.e., after August 2013.

Sogro's argument that Velasco is not a proper class representative has more merit, as Sogro was permitted to depose Velasco following substitution. Problems regarding adequacy of representation may have come to light at that time. Yet the argument fails. It appears that Velasco stayed at the Budget Host more than once. Though she indicated at deposition that she may have paid cash instead of using her credit card on some occasions, she "normally" paid for her room by credit card. She used a Mastercard or Visa in her name and for her personal use. (Doc. 164, Ex. B at 11.) Though Velasco testified that she no longer has receipts from her Budget Host stays (she said she probably kept them for a year and then threw them away) and did not look at the receipts to see how many numbers were printed on them, according to plaintiff's counsel discovery from Sogro disclosed credit card receipts for Velasco's stays during the class period. Though Velasco said she has never heard of FACTA or looked into what her possible remedies are for getting a receipt that did not comply with the law, that a layperson does not know the name

---

[2]Interestingly, *Carpenter* is cited and distinguished in the *Barnes* case, with the *Barnes* court noting that although *Carpenter* indicates that substitution of class representatives is appropriate, *Carpenter* applies to situations where the class has already been certified and class representatives later become inadequate (as is the case here). *See* 473 F. Supp. 2d at 800.

6

or details of the law governing her case is not a basis for decertification. Velasco understands that credit card receipts should print only a few numbers with the other numbers represented by "X." (Doc. 164 at 17.) She understands that a class action is for everyone in the class—not just her; she understands that she will have to testify if the case goes to trial; and she is willing to travel to Milwaukee (from Chicago) to testify. (Doc. 164 at 24.) Hence, the court is not persuaded that Velasco is an inadequate representative.

Regarding Supreme Court cases issued subsequent to class certification, while those decisions require "rigorous analysis" of whether commonality exists and whether common issues predominate, *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011), they do not alter the certification decision in this case. Sogro processed the class members' credit cards in an identical way during the class period, printing all of the credit card numbers on the receipts while FACTA required truncation. Common to the claims of all class members is the central issue in this case: whether Sogro's conduct (identical as to each class member) was willful. As pointed out by the *Wal-Mart* court, what matters for class certification is the capacity of a class proceeding to generate common answers to resolve the litigation. 131 S. Ct. at 2551. That is the case here. A determination of Sogro's willfulness regarding its printing of numbers on credit card receipts is necessary for liability regarding all class members; such a determination will not vary from plaintiff to plaintiff. This case is not like *Boucher v. First American Title Insurance Co.*, No. C10-199RAJ, 2012 WL 3023316 (W.D. Wash. July 24, 2012), where individualized review of evidence was necessary to identify who the class members were. Here, discovery has already shown who the class members are, and Sogro acted the same as to all of them.

7

Further, plaintiffs have indicated that they seek only statutory damages. Title 15 U.S.C. § 1681n(a)(1)(A) provides for actual damages *or* damages from $100 to $1000. Claims for statutory damages will not create individual issues that could predominate. Although Sogro insists that no plaintiffs suffered any actual harm such as identity theft, all plaintiffs commonly suffered the *risk* of identity theft caused by Sogro's printing of the full numbers on receipts. Thus, common issues still predominate over individual issues. Even if claims for statutory damages have individualized components, which the court does not address at this time, such individualization will not predominate, and a class action remains superior to separate actions.[3] Some individualization of monetary claims is acceptable in Fed. R. Civ. P. 23(b)(3) classes. *See Wal-Mart*, 131 S. Ct. at 2558.

Sogro insists that this case is not about the named plaintiffs, "but rather an attempt by Plaintiff's lawyers to generate fees in a case where there is not a penny's worth of harm." (Doc. 164 at 2.) According to Sogro, "[t]his case is a travesty, and represents everything that is wrong with our civil justice system. Our justice system should be reserved for people who have suffered real injury—not for victimless manufactured cases like this one designed solely to line the pockets of lawyers." (*Id.*)

This court has seen nothing indicating that this case is solely about the generation of legal fees for plaintiffs' counsel. And if Sogro has concerns with the availability of statutory damages under FACTA or whether the risk of identity theft constitutes "real injury," its criticisms should be directed to Congress, not to this court or to plaintiffs. As admitted by Sogro in its reply brief on this motion, there is no dispute that Sogro provided

---

[3]Rule 23(b)(3) classes can be maintained if "questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

8

receipts without truncating the credit card numbers. (Doc. 178 at 1.) Thus, Sogro's criticisms of plaintiffs and their counsel for bringing a suit under FACTA are misplaced.

MOTIONS IN LIMINE

The court stayed briefing on the parties' motions in limine while the above-discussed motions were pending. As to Velasco's motions, Sogro had responded but Velasco had not replied. However, defendant's motions in limine were already fully briefed and ready for decision.

Sogro filed six motions in limine, and Velasco did not object to four of them: motions 1, 2, 4, and 5. Therefore, those motions will be granted.

Motion in limine 3 seeks to bar as irrelevant "[a]ny evidence regarding knowledge or constructive knowledge of FACTA's requirements by anyone other than the parties to this case." (Doc. 157 at 2.) This motion will be denied. As evidenced in the summary judgment materials, Sogro was sent notices of FACTA on credit transactions statements and in certain trade association publications. Those notices indicate knowledge by third parties regarding FACTA's requirements. Further, whether others were aware of FACTA's requirements may be relevant to show recklessness on Sogro's part.

Motion in limine 6 seeks to bar "evidence regarding a transaction occurring at Sogro besides Plaintiff's" because no other class members have been designated to testify and plaintiff has no knowledge regarding any other class member's transactions. This motion will be denied also. This is a class action, not just Velasco's action, and evidence may come in by means other than Velasco's testimony. Velasco and her counsel indicate that Sogro produced in discovery receipts and registration cards of various class members. If

Velasco can provide proper authentication of such evidence through means other than her own testimony, she will not be barred from presenting it.

As to the remaining motions in limine, the court will schedule a hearing date during which the motions will be decided. At that time, new dates will be set for a final pretrial conference and the trial.

## CONCLUSION

For the above-stated reasons,

IT IS ORDERED that Sogro's motion to dismiss (Doc. 160) is denied.

IT IS ORDERED that Sogro's motion for sanctions (Doc. 163) is denied.

IT IS ORDERED that Sogro's motion to decertify (Doc. 164) is denied.

IT IS ORDERED that Sogro's motions in limine (Doc. 157) are granted as to motions 1, 2, 4, and 5 and denied as to motions 3 and 6.

IT IS ORDERED that a telephonic hearing on Velasco's motions in limine and to set further proceedings is scheduled for September 3, 2014, at 3:00 p.m. The court will place the call.

IT IS ORDERED that any reply briefs regarding remaining motions in limine be filed no later than August 27, 2014.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE